IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02791-WJM-CBS

JOYCE M. MORRIS; and
BENJAMIN J. MORRIS,
    Plaintiffs,
v.

JAMES DIMON, individually and in his official capacity as CEO of JPMorgan Chase,
JOHN VELLA, and/or his successor, individually and in his official capacity as President/CEO of EMC Mortgage Corp,
DAVID B. LOWMAN and/or his successor, individually and in his official capacity as CEO of Home Lending, JPMorgan Chase,
ADAM GOSSARD and/or his successor, individually and in his official capacity as Payoff Reinstatement Analyst,
ROBERT ARONOWITZ, individually and in his official capacity as Foreclosure Attorney for JPMorgan Chase and/or the Subsidiary, EMC Mortgage Corp.,
    Defendants.
_____

ORDER FOR VOLUNTARY DISMISSAL OF CASE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiffs' "Motion to Dismiss the Case" (filed February 25, 2011) (Doc. # 19).  Pursuant to the Order of Reference dated November 17, 2010 (Doc. # 3) and the memorandum dated February 28, 2011, this matter was referred to the Magistrate Judge.  The court has reviewed the pending matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Plaintiffs seek to voluntarily dismiss this civil action.  Fed. R. Civ. P. 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for

1

summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." "Unless the notice or stipulation states otherwise, the dismissal si without prejudice." Fed. R. Civ. P. 41(a)(1)(B).  Here, none of the Defendants named in Plaintiff's Complaint have filed an answer or a motion for summary judgment.  A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968) ("Rule 41(a)(1) provides for a dismissal without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer.") (internal quotation marks and citation omitted).  The notice closes the file.  *See id.  See also Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("The filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) does not require an order of the court.") (citation omitted);  *Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (stating voluntary dismissal is "self-executing, *i.e.,* it is effective at the moment the notice is filed with the clerk and no judicial approval is required").

  Accordingly, IT IS ORDERED that:

  1. Plaintiffs' "Motion to Dismiss the Case" (filed February 25, 2011) (Doc. # 19) is construed as a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and this civil action is voluntarily dismissed and terminated.

  2. The Status Conference set on Wednesday March 2, 2011 at 9:15 a.m. in Courtroom A-432 before Magistrate Judge Craig B. Shaffer is hereby VACATED.

  DATED at Denver, Colorado, this 28th day of February, 2011.

BY THE COURT:


 S/Craig B. Shaffer
United States Magistrate Judge